IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BRIAN SHAUGHNESSY, | ) | CIVIL NO 09-00051 ACK-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ASSOCIATION OF APARTMENT OWNERS OF MOANA PACIFIC, KC RAINBOW DEVELOPMENT CO., LLC,, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER GRANTING KC RAINBOW DEVELOPMENT CO., LLC'S
<u>MOTION TO BIFURCATE AND ARCHITECTS HAWAII, LTD.'S JOINDER</u>**

Before the Court are Defendant/Third-Party Plaintiff/Crossclaim Defendant KC Rainbow Development Co., LLC's ("KC Rainbow") Motion to Bifurcate ("Motion"), filed December 3, 2010, and Third-Party Defendant/Cross-claimant Architects Hawaii, Ltd.'s ("AHL") joinder in the Motion ("Joinder"), filed on December 22, 2010.  Third-Party Defendant/Crossclaim Defendant Hawaiian Dredging Construction Company, Inc. ("Hawaiian Dredging") filed an opposition to the Motion on December 17, 2010.  Plaintiff Brian Shaughnessy ("Plaintiff") and Defendant Association of Apartment Owners of the Moana Pacific ("AOAO") did not respond to the Motion.[1]  These matters came on for hearing on

---

[1] The Court notes that Plaintiff argued that bifurcation was appropriate in his statement of no opposition to the motion in which KC Rainbow sought an amendment of the scheduling order to
(continued...)

December 29, 2010. Regan Iwao, Esq., appeared on behalf of KC Rainbow, Michael Biehl, Esq., and Jason Woo, Esq., appeared on behalf of AHL, Jeffrey Osterkamp, Esq., and Keri Ann Shigemura, Esq., appeared on behalf of Hawaiian Dredging, Lunsford Phillips, Esq., appeared on behalf of Plaintiff, and Jeffrey Masatsugu, Esq., appeared on behalf of the AOAO. After careful consideration of the Motion and Joinder, supporting and opposing memoranda, and the arguments of counsel, KC Rainbow's Motion and AHL's Joinder are HEREBY GRANTED for the reasons set forth below.

## BACKGROUND

The parties and the Court are familiar with the factual and procedural background of this case. The Court will therefore only discuss the background that is relevant to the instant Motion.

Plaintiff filed his First Amended Complaint on February 24, 2009 against KC Rainbow,[2] alleging disability discrimination in violation of the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601, *et seq.* ("the FHA"). The First Amended Complaint alleged that KC Rainbow was responsible for the design and construction of a high-rise condominium complex at or about

---

[1](...continued)
file a motion to bifurcate after the non-dispositive motions deadline. [Dkt. no. 135, filed 11/29/10, at 2.]

[2] Plaintiff's original Complaint, filed February 5, 2009, named KC Rainbow Development Corporation as the defendant.

1230 Kapiolani Boulevard in Honolulu ("the Property").  On April 15, 2009, KC Rainbow filed its Answer to the First Amended Complaint and a Third Party Complaint against AHL.  AHL was KC Rainbow's architect for the Property, and KC Rainbow alleges, *inter alia*, that AHL was responsible for the design and construction oversight of the Property, including compliance with all applicable laws.

On December 16, 2009, this Court granted Plaintiff's motion to extend the deadline to add parties and amend pleadings to December 31, 2009.  Plaintiff planned to seek leave to amend his complaint to name the AOAO as a defendant because only it could agree to remove barriers to accessibility in the common areas of the Property.  This Court granted Plaintiff's motion for leave to file a Third Amended Complaint,[3] adding the AOAO as a defendant, on January 4, 2010.  Plaintiff filed his Third Amended Complaint on January 8, 2010.  On February 2, 2010, KC Rainbow filed its Answer to the Third Amended Complaint, with its First Amended Third Party Complaint, which it filed pursuant to a stipulation with AHL.

On June 10, 2010, this Court granted KC Rainbow's motion for leave to add Hawaiian Dredging as a third-party defendant.  KC Rainbow filed its Second Amended Third-Party

---

[3] Plaintiff apparently never filed a Second Amended Complaint.

3

Complaint on June 17, 2010. AHL's July 8, 2010 answer to KC Rainbow's Second Amended Third-Party Complaint includes crossclaims against KC Rainbow and Hawaiian Dredging.

Trial in this matter is currently set for February 15, 2011.

In the instant Motion, KC Rainbow seeks to bifurcate the trial of Plaintiff's FHA claims and the trial of KC Rainbow's third-party claims and AHL's cross-claims, which are based on contractual defense, indemnification, and contribution obligations for the alleged FHA violations ("the Contractual claims"). KC Rainbow argues that bifurcation will: prevent confusion of the issues; expedite the proceedings; be more efficient and economical; present minimal risk of duplication of evidence. Further, KC Rainbow contends that bifurcation will not: prejudice any party, create a risk of inconsistent verdicts; or infringe upon any party's right to a jury trial.

Hawaiian Dredging opposes bifurcation because it would be forced to participate in two separate trials regarding the same issues. This would require the unnecessary expenditure of judicial resources and additional expenses for the parties. Hawaiian Dredging argues that KC Rainbow has not established that the factors identified in Federal Rule of Civil Procedure 42(b) are present in the instant case.

**DISCUSSION**

Federal Rule of Civil Procedure 42(b) states, in pertinent part, that: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." The decision whether to bifurcate proceedings is within a court's sound discretion. See Hangarter v. Provident Life & Acc. Ins. Co., 373 F.3d 998, 1021 (9th Cir. 2004). Bifurcation, however, is the exception rather than the rule of normal trial procedure; Rule 42(b) allows, but does not require, bifurcation to further convenience or avoid prejudice. See id.; see also Fed. R. Civ. P. 42 advisory committee's note (1966 Amendment) ("[S]eparation of issues for trial is not to be routinely ordered[.]").

> "With respect to both discovery and trial," the moving party has the "burden of proving that the bifurcation will promote judicial economy and avoid inconvenience or prejudice to the parties." Spectra-Physics Lasers, Inc. v. Uniphase Corp., 144 F.R.D. 99, 101 (N.D.Cal.1992) (citations omitted).
> Factors that courts consider in determining whether bifurcation is appropriate include: (1) whether the issues are significantly different from one another; (2) whether the issues are to be tried before a jury or to the court; (3) whether the posture of discovery on the issues favors a single trial or bifurcation; (4) whether the documentary and testimonial evidence on the issues overlap; and (5) whether the party opposing bifurcation will be prejudiced if it is granted.
> Dallas v. Goldberg, 143 F.Supp.2d 312, 315

>       (S.D.N.Y.2001) (citations omitted).  Courts also
>       consider the complexity of the issues and possible
>       jury confusion.  See IPPV Enters. v. Cable/Home
>       Commc'n Corp., 26 U.S.P.Q.2d 1714, 1715
>       (S.D.Cal.1993).  "Bifurcation is particularly
>       appropriate when resolution of a single claim or
>       issue could be dispositive of the entire case."
>       Drennan v. Maryland Cas. Co., 366 F.Supp.2d 1002,
>       1007 (D.Nev.2005).  Bifurcation is inappropriate
>       where the issues are so intertwined that
>       separating them would "tend to create confusion
>       and uncertainty."  See Miller v. Fairchild Indus.,
>       Inc., 885 F.2d 498, 511 (9th Cir.1989) (citation
>       and quotation marks omitted).

Clark v. I.R.S., CV 06-00544 SPK-LEK, 2009 WL 5698139, at *4 (D. Hawai`i Nov. 10, 2009) (some citations omitted).

At the hearing on the Motion, KC Rainbow conceded that it does not face substantive prejudice from the single trial of Plaintiff's FHA claims and the Contractual claims.  The only prejudice KC Rainbow asserts that it will suffer if the Court denies the Motion is that the simultaneous trial of the FHA claims and the Contractual claims would be inconvenient and inefficient.  AHL argues that bifurcation is necessary to avoid the danger of confusion of issues for the attorneys and the witnesses.  The Court, however, does not consider counsel's and the witnesses' alleged confusion to be a significant factor.  First, when courts consider confusion of the issues in motions to bifurcate, they consider confusion from the fact-finder's perspective, not counsel's or the witnesses.  See, e.g., Hirst v. Gertzen, 676 F.2d 1252, 1261 (9th Cir. 1982) (affirming bifurcation order where bifurcation simplified the issues for the

jury and avoided unnecessary jury confusion); <u>Clark</u>, 2009 WL 5698139, at *4 (noting that courts consider possible jury confusion).  The instant case is set for a non-jury trial and the district judge is not likely to be confused by the issues in a joint trial of the FHA claims and the Contractual claims.  Second, the Court does not believe that there is a significant danger of confusion of the issues for counsel who will try the case because all counsel in this case are qualified attorneys who are familiar with the factual and legal issues in the case.  Third, the issues in this case are relatively straight-forward and the witnesses are not likely to be confused during their testimony in a joint trial.  In this Court's view, if there was a concern about witness veracity because of the presence of FHA claims and Contractual claims, a joint trial is more likely to foster veracity than a bifurcated trial.  Nothing in the record, however, indicates that there is a significant concern about witnesses veracity.  This Court therefore finds that the parties will not suffer prejudice if the Court denies the Motion.

        The crux of the instant Motion is therefore whether a bifurcated trial would be more convenient, expeditious, and economical.  The issues connected with Plaintiff's FHA claims can be clearly separated from the issues connected with the Contractual claims.  While having one trial is generally more economical than two, both KC Rainbow and AHL argue that

bifurcating Plaintiff's FHA claims from the Contractual claims may facilitate a settlement with Plaintiff.  Avoiding a trial on the FHA claims will reduce KC Rainbow's anticipated defense expenses, which may facilitate settlement or other resolution of the Contractual claims.

Hawaiian Dredging argues that a bifurcated trial will be more inconvenient and more expensive because it will be forced to fully prepare and participate in two trials instead of one.  Plaintiff, however, has not alleged any claims against Hawaiian Dredging, and Hawaiian Dredging will not be a party to the first trial if the Court grants bifurcation.  Similarly, neither Plaintiff nor the AOAO are named in any of the Contractual claims.  These parties will therefore only be required to participate in one trial.  Some of them may be witnesses in the other trial, but their participation as witnesses will be far less burdensome than their participation would be if they were a party.  The Court recognizes that, even if it is not allowed to participate as a party, Hawaiian Dredging will monitor the trial of the FHA claims.  Such monitoring, however, will also be less burdensome than full participation as a party.  The only entity that will be a party in both trials is KC Rainbow and, insofar as it is the party seeking bifurcation, KC Rainbow is apparently willing to incur any additional time and expense that two trials may create.  The Court therefore finds that none of the parties

will be unduly prejudiced if the Court grants bifurcations and that, on balance, bifurcated trials will be more convenient and potentially more economical.

Finally, the Court finds a bifurcated trial will be more expeditious. Even assuming that both Plaintiff's FHA claims and the Contractual claims go trial, the parties have represented that there will not be a significant amount of duplicate testimony. While some witnesses may testify in both trials, those witnesses will, for the most part, cover different subjects during their testimony in each trial. Further, if the AOAO and KC Rainbow prevail in the trial of Plaintiff's FHA claims, KC Rainbow would not need to try its indemnification claims. The second trial would be limited to the claims related to the duty to defend and any duty to contribute to those defense expenses.

The Court therefore FINDS that bifurcating Plaintiff's FHA claims from the Contractual claims will be more convenient, expeditious, and economical, and that bifurcation is warranted pursuant to Federal Rule of Civil Procedure 42(b).

## **CONCLUSION**

On the basis of the foregoing, KC Rainbow's Motion to Bifurcate, filed December 3, 2010, and AHL's joinder in the Motion, filed December 22, 2010, are HEREBY GRANTED. The trial of Plaintiff's FHA claims will begin on the scheduled February 15, 2011 trial date. The Court will hold a scheduling conference

to set a trial date for the Contractual claims.

        IT IS SO ORDERED.

        DATED AT HONOLULU, HAWAII, January 12, 2011.



        /S/ Leslie E. Kobayashi
        Leslie E. Kobayashi
        United States Magistrate Judge

**BRIAN SHAUGHNESSY V. ASSOCIATION OF APARTMENT OWNERS OF MOANA PACIFIC, KC RAINBOW DEVELOPMENT CO., LLC; CIVIL NO. 09-00051 ACK/LEK; ORDER GRANTING KC RAINBOW DEVELOPMENT CO., LLC'S MOTION TO BIFURCATE AND ARCHITECTS HAWAII, LTD.'S JOINDER**