NIN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BRIAN SHAUGHNESSY, | CIVIL NO. 09-00051 ACK-RLP |
| Plaintiff, | FINDINGS AND RECOMMENDATION THAT DEFENDANT/THIRD-PARTY PLAINTIFF KC RAINBOW DEVELOPMENT CO., LLC'S PETITION FOR APPROVAL OF GOOD FAITH SETTLEMENT BE GRANTED |
| vs. | |
| ASSOCIATION OF APARTMENT OWNERS OF MOANA PACIFIC, LLC RAINBOW DEVELOPMENT CO., LLC, | |
| Defendants. | |
| KC RAINBOW DEVELOPMENT CO., LLC, | |
| Third-Party Plaintiff, | |
| vs. | |
| ARCHITECTS HAWAII, LTD.; HAWAIIAN DREDGING CONSTRUCTION COMPANY, INC., | |
| Third-Party Defendants. | |

FINDINGS AND RECOMMENDATION THAT DEFENDANT/THIRD-PARTY
PLAINTIFF KC RAINBOW DEVELOPMENT CO., LLC'S PETITION FOR
<u>APPROVAL OF GOOD FAITH SETTLEMENT BE GRANTED</u>[1]

Before the Court is Defendant/Third-Party Plaintiff KC

---

[1] Within seventeen (17) days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 74.2 of the Local Rules of Practice for the United States District Court for the District of Hawaii, and Rule 6(d) of the Federal Rules of Civil Procedure, file written objections in the United States District Court. A party must file any objections within the seventeen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

Rainbow Development Co., LLC's ("KCRD") Petition for Approval of Good Faith Settlement ("Petition") filed on March 16, 2011.  The Petition seeks approval of the settlement entered on February 10, 2011, between KCRD and Third-Party Defendants Hawaii Dredging Construction Company ("Hawaiian Dredging") pursuant to Hawaii Revised Statutes ("HRS") § 663-15.5.  On May 10, 2011, Third-Party Defendant Architect Hawaii, Ltd. ("AHL") filed a Memorandum in Opposition.  On May 17, 2011, KCRD filed its Reply.  This matter came on for hearing on May 31, 2011.  The following counsel appeared at the hearing:  Audrey M. Yap and Regan M. Iwao, on behalf of KCRD, Keith Y. Yamada, on behalf of Hawaiian Dredging, and Jason S. Woo, on behalf of AHL.  After carefully considering the submissions of the parties, the relevant legal authority, and the arguments presented by counsel at the hearing, the Court FINDS and RECOMMENDS that KCRD's Petition be GRANTED for the reasons set forth below.

## BACKGROUND

KCRD was the developer of the Moana Pacific condominium project (the "Project").  AHL was the architect and Hawaiian Dredging was the general contractor on the Project. Plaintiff Brian Shaughnessy ("Plaintiff"), a person with a disability, filed this action on February 5, 2009, against KCRD alleging a claim for relief under the Fair Housing Amendments Act.  On February 24, 2009, Plaintiff filed a First Amended Complaint,

which claimed that Plaintiff found the bathrooms, lanais and showers in the Project to be inaccessible and unusable and that, as a result of these barriers, he was deterred from purchasing any of the units in the Project.  Plaintiff alleged that KCRD committed an illegal discriminatory practice by failing to design and construct the dwellings and common areas in compliance with applicable requirements.  Plaintiff later filed a Third Amended Complaint adding the Association of Apartment Owners of the Moana Pacific as co-defendant.

On April 15, 2009, KCRD filed a Third Party Complaint against AHL.  On June 10, 2010, the court granted KCRD's motion for leave to add Hawaiian Dredging as a third party defendant.  On June 17, 2010, KCRD filed a Second Amended Third Party Complaint against both AHL and Hawaiian Dredging asserting claims for breach of contract, breach of the covenant of good faith and fair dealing, specific performance, declaratory relief, negligence, and indemnity and contribution pursuant to the parties' contracts with KCRD.

AHL's July 8, 2010 answer to KCRD's Second Amended Third-Party Complaint includes crossclaims for indemnity and contribution against KCRD and Hawaiian Dredging.

On January 12, 2011, the court granted KCRD's motion and AHL's joinder in the motion to bifurcate the trial of Plaintiff's claims and the trial of KCRD's third-party claims and

AHL's crossclaims.

On February 10, 2011, the material terms of KCRD's settlement with Plaintiff were placed on the record. KCRD also entered into a settlement with Hawaiian Dredging. The material terms of the settlement are as follows:

1. Hawaiian Dredging shall pay $35,000.00 to KCRD.

2. KCRD shall dismiss its Third-Party Complaint against Hawaiian Dredging with prejudice.

3. Hawaiian Dredging shall cooperate with KCRD's pursuit of its claims against AHL, including, without limitation, having its representative testify at KCRD's request.

4. Each of the Parties shall bear its own attorneys' fees and costs incurred.

5. The terms of this Agreement shall not be construed as an admission by any party of any fault, wrongdoing or liability whatsoever. <u>See</u> Ex. A at 2 to Declaration of Counsel, filed in support of Petition.

## DISCUSSION

A good faith settlement pursuant to HRS § 663-15.5 operates to discharge the settling party of all liability for contribution to any other joint tortfeasor and to reduce a plaintiff's claims against any other joint tortfeasor by the "amount stipulated to in the release, dismissal, or covenant, or in the amount of the consideration paid for it, whichever is

greater[.]" See HRS § 663-15.5(a). A determination by the court that a settlement was made in good faith bars another joint tortfeasor from any further claims against the settling party "except those based on a written indemnity agreement" and results in dismissal of all crossclaims filed against the settling party, "except those based on a written indemnity agreement." See HRS § 663-15.5(d). At the May 31, 2011 hearing on the Petition, counsel for AHL conceded that its crossclaim against Hawaiian Dredging does not include a claim for contractual indemnity.

In determining whether parties have entered into a good faith settlement, the court must consider the "totality of the circumstances" including:

> (1) the type of case and difficulty of proof at trial . . .;
>
> (2) the realistic approximation of total damages that the plaintiff seeks;
>
> (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial;
>
> (4) the predicted expense of litigation;
>
> (5) the relative degree of fault of the settling tortfeasors;
>
> (6) the amount of consideration paid to settle the claims;
>
> (7) the insurance policy limits and solvency of the joint tortfeasors;
>
> (8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and

> (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

Troyer v. Adams, 102 Hawai'i 399, 427, 77 P.3d 83, 111 (2003). The non-settling alleged tortfeasor opposing the motion has the burden of proof that the settlement agreement was not reached in good faith. HRS § 663-15.5(b).

    1. <u>The type of case and difficulty of proof at trial</u>

KCRD's allegations against Hawaiian Dredging include breach of contract, breach of the covenant of good faith and fair dealing, specific performance, declaratory relief, negligence, and indemnity and contribution. <u>See</u> Second Amended Third-Party Complaint. KCRD asserts that this case involved numerous contract, design, and construction issues. AHL asserts that the case is a simple contract case where the well-settled rules of contract construction and interpretation apply. Based on the allegations in the Second Amended Third-Party Complaint, it appears that this case is involves allegations related to complex design and construction issues. Additionally, based on the nature of the parties' filings to date, it appears that proof will be vigorously contested at trial. Accordingly, the type of case and complexity of proof involved supports the good faith nature of the settlement between KCRD and Hawaiian Dredging. The Court finds that the first factor weighs in favor of a finding of good faith settlement.

2. <u>The realistic approximation of total damages that KCRD seeks</u>

KCRD does not provide an approximation of the total damages that it will seek at trial. Instead, KCRD notes that the cost of KCRD's settlement with the Plaintiff was $100,000 and KCRD's attorneys' fees and costs from the time that the lawsuit was tendered to Hawaiian Dredging are approximately $125,000. <u>See</u> Declaration of Counsel ("Counsel Decl.") ¶¶ 4-5. KCRD did not include the amount of attorneys' fees and costs incurred by KCRD prior to the time that the lawsuit was tendered to Hawaiian Dredging in its Petition. Based on representations made during the May 31, 2011 hearing, the fees and costs incurred prior to the tender of defense to Hawaiian Dredging were approximately $100,000 to $150,000. KCRD contends that the bulk of the fees and costs incurred prior to the tender of defense to Hawaiian Dredging and all of the fees and costs since the date of the settlement with Hawaiian Dredging were incurred in an attempt to enforce AHL's contractual obligations to defend and indemnify KCRD. AHL asserts that KCRD's realistic damages should include KCRD's fees and costs in their entirety from the beginning of the litigation. AHL contends that the potential damages are much larger than represented, which diminishes the significance of the settlement amount. Based upon the arguments made at the hearing regarding the nature of KCRD's claims against Hawaiian Dredging and the parties' valuation of the case, the Court finds that the

7

second factor supports the good faith nature of the settlement between KCRD and Hawaiian Dredging.

      3.   <u>The strength of KCRD's claim and the realistic likelihood of KCRD's success at trial</u>

Based on the submissions to the Court and the representations made at the May 31, 2011 hearing, it appears that the various issues surrounding liability are vigorously contested.  In light of the contested and uncertain outcome of those issues, the Court finds that the third factor weighs in favor of a finding of good faith settlement.

      4.   <u>The predicted expense of litigation</u>

KCRD asserts that several hundred thousand dollars or more of expenses, including expert expenses, would be required if this case were to go forward to trial.  Hawaiian Dredging would likewise incur substantial litigation expenses in its defense.  AHL asserts that the remaining potential litigation expenses are relatively low; however, AHL concedes that several depositions are still to be taken and does not address the potential expense of proceeding through trial.  Given the significant of fees and costs already incurred to date and the potential for additional expenses should the claims against Hawaiian Dredging proceeding through trial, the Court finds that this fourth factor weighs in support of finding a good faith settlement between KCRD and Hawaiian Dredging.

5. <u>The relative degree of fault of the settling tortfeasor</u>

KCRD asserts that the issue of Hawaiian Dredging's liability is vigorously disputed and Hawaiian Dredging maintains that the vast majority of the alleged violations were the result of negligence by AHL and its consultants. AHL contests this assertion noting that AHL's expert steadfastly maintained that any error was due to Hawaiian Dredging's actual construction of the project and not attributable to AHL's designs. Although the degree of fault is contested, there is nothing about the relative degree of fault of Hawaiian Dredging that would indicate that the settlement was not made in good faith. The Court finds that the fifth factor weighs in favor of a finding of good faith settlement.

6. <u>The amount of consideration paid to settle the claims</u>

As noted above, Hawaiian Dredging paid $35,000 in settlement with KCRD. KCRD claims that the consideration paid by Hawaiian Dredging is significant and proportionate to Hawaiian Dredging's degree of fault. AHL asserts the settlement amount between KCRD and Hawaiian Dredging is less than ten percent of the total damages incurred by KCRD to date. AHL claims that this relatively low amount shows the settlement is not in good faith on its face. Based on KCRD's representations at the May 31, 2011 hearing regarding the perceived relative strength of its claims

against Hawaiian Dredging, the Court finds that the amount paid in consideration does not indicate that the settlement was not made in good faith. Accordingly, the Court finds that the sixth factor weighs in favor of a finding of good faith settlement.

>     7. The insurance policy limits and solvency of
>        Hawaiian Dredging and AHL

The parties agree that insurance policies are not at issue in the case. Accordingly, the Court finds that the seventh factor is neutral.

>     8. The relationship among the parties and whether it
>        is conducive to collusion or wrongful conduct

There is nothing in the record to indicate collusion or wrongful conduct. Accordingly, the Court finds that the eighth factor weighs in favor of a finding of good faith settlement.

>     9. Any other evidence that the settlement is aimed at
>        injuring the interests of a non-settling tortfeasor
>        or motivated by other wrongful purpose

AHL asserts that the settlement seeks to injure AHL by impermissibly extinguishing AHL's rights as an intended third-party beneficiary. However, as noted above, AHL conceded at the May 31, 2011 hearing that its crossclaim against Hawaiian Dredging does not include a claim for contractual indemnification and conceded that it has not pursued any claims for contractual indemnification based on third party beneficiary status against Hawaiian Dredging. The Court is not persuaded by the arguments presented by AHL regarding the other possible evidence that the

settlement was aimed at injuring AHL. Accordingly, the Court finds that the ninth factor weighs in favor of finding a good faith settlement.

After considering the factors set forth in the totality of the circumstances and the arguments presented by counsel at the hearing on May 31, 2011, and after reviewing the essential terms of the settlement, the Court finds that the settlement was reached in good faith for the purposes of HRS § 663-15.5.

CONCLUSION

On the basis of the foregoing, this Court FINDS and RECOMMENDS that KCRD's Petition be GRANTED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, May 31, 2011

_____
Richard L. Puglisi
United States Magistrate Judge

**SHAUGHNESSY V. ASS'N OF APARTMENT OWNERS OF MOANA PACIFIC, CIVIL NO. 09-00051 ACK-RLP; FINDINGS AND RECOMMENDATION THAT DEFENDANT/ THIRD-PARTY PLAINTIFF KC RAINBOW DEVELOPMENT CO., LLC'S PETITION FOR APPROVAL OF GOOD FAITH SETTLEMENT BE GRANTED**