IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BRIAN SHAUGHNESSY,  )<br>  )<br>　　　　Plaintiff,  )<br>  )<br>　　vs.  )<br>  )<br>ASSOCIATION OF APARTMENT  )<br>OWNERS OF MOANA PACIFIC, LLC  )<br>RAINBOW DEVELOPMENT CO., LLC,  )<br>  )<br>　　　　Defendants.  )<br>  )<br>_____  )<br>  )<br>KC RAINBOW DEVELOPMENT CO.,  )<br>LLC,  )<br>  )<br>　　Third-Party Plaintiff,  )<br>  )<br>　　vs.  )<br>  )<br>ARCHITECTS HAWAII, LTD.;  )<br>HAWAIIAN DREDGING  )<br>CONSTRUCTION COMPANY, INC.,  )<br>  )<br>　　Third-Party Defendants.  )<br>_____  )  | CIVIL NO. 09-00051 ACK-RLP<br><br>FINDINGS AND RECOMMENDATION THAT DEFENDANT ASSOCIATION OF APARTMENT OWNERS OF MOANA PACIFIC'S PETITION FOR APPROVAL OF GOOD FAITH SETTLEMENT BE GRANTED |

FINDINGS AND RECOMMENDATION THAT DEFENDANT ASSOCIATION OF
APARTMENT OWNERS OF MOANA PACIFIC'S PETITION FOR
APPROVAL OF GOOD FAITH SETTLEMENT BE GRANTED[1]

　　　　Before the Court is Defendant Association of Apartment Owners of Moana Pacific's ("AOAO") Petition for Approval of Good Faith Settlement ("Petition") filed on June 24, 2011.  The

---

[1] Within fourteen (14) days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation.  If no objections are filed, no appellate review will be allowed.

Petition seeks approval of the settlement entered on March 2, 2011, between the AOAO and Plaintiff Brian Shaughnessy ("Plaintiff") pursuant to Hawaii Revised Statutes ("HRS") § 663-15.5. On June 28, 2011, Defendant/Third-Party Plaintiff KC Rainbow Development Co., LLC's ("KCRD") filed a Statement of No Opposition and Non-appearance to Defendant Association of Apartment Owners of Moana Pacific's Motion for Approval of Good Faith Settlement Filed June 24, 2011. Docket No. 225. On June 30, 2011, Third-Party Defendant Architect Hawaii, Ltd. ("AHL") filed a Statement of No Position and Non-appearance to Defendant Association of Apartment Owners of Moana Pacific's Motion for Approval of Good Faith Settlement. Docket No. 227. On July 1, 2011, Plaintiff filed a Statement of No Opposition to Defendant Association of Apartment Owners of Moana Pacific's Petition for Approval of Good Faith Settlement. Docket No. 228. Third-Party Defendants Hawaii Dredging Construction Company ("Hawaiian Dredging") did not file an opposition to the Petition.

This matter came on for hearing on July 14, 2011. Jeffrey S. Masatsugu appeared for the AOAO and Lunsford D. Phillips appeared for Plaintiff. After carefully considering the submissions of the parties, the relevant legal authority, and the arguments presented by counsel at the hearing, the Court FINDS and RECOMMENDS that the AOAO's Petition be GRANTED for the reasons set forth below.

BACKGROUND

The Court recites only the background necessary for disposition of the instant motion. KCRD was the developer of the Moana Pacific condominium project (the "Project"). AHL was the architect and Hawaiian Dredging was the general contractor on the Project. Plaintiff Brian Shaughnessy ("Plaintiff"), a person with a disability, filed this action on February 5, 2009, against KCRD alleging a claim for relief under the Fair Housing Amendments Act. On February 24, 2009, Plaintiff filed a First Amended Complaint, which claimed that Plaintiff found the bathrooms, lanais, and showers in the Project to be inaccessible and unusable and that, as a result of these barriers, he was deterred from purchasing any of the units in the Project. Plaintiff filed a Third Amended Complaint adding the AOAO as co-defendant. KCRD filed a Third-Party Complaint against AHL and Hawaiian Dredging. Although third-party claims and/or cross-claims were filed between Defendants KCRD, AHL, and Hawaiian Dredging, none of those parties filed claims against the AOAO, and the AOAO has not filed any claims against those parties.

On March 4, 2011, the parties filed a Stipulation for Partial Dismissal With Prejudice as to Plaintiff's Claims against KCRD. Docket No. 191. On May 31, 2011, this Court issued its Findings and Recommendation to grant KCRD's Petition for Approval

of Good Faith Settlement between KCRD and Hawaiian Dredging. Docket No. 214.  On June 22, 2011, a settlement between KCRD and AHL was placed on the record.  Docket No. 221.  At that hearing, counsel for the AOAO indicated that it had entered into a settlement with Plaintiff and would be filing its Petition.  See id.

The Settlement Agreement between Plaintiff and the AOAO indicates that Plaintiff was not seeking monetary damages from the AOAO in this case and that he brought suit against the AOAO because it has control over the common areas and Plaintiff needs access to the common areas so that the alleged violations may be remediated pursuant to his claim for injunctive relief.  See Ex. A at 2 to Decl. of Counsel, filed in support of Petition.  The AOAO agrees, subject to certain conditions, to allow access to the common areas for any remediation ordered by the Court or agreed upon in settlement between Plaintiff and the other parties.  See id.

## DISCUSSION

A finding of good faith settlement discharges the settling party of liability for contribution to joint tortfeasors, and reduces a plaintiff's claims against joint tortfeasors by the "amount stipulated to in the release, dismissal, or covenant, or in the amount of the consideration paid for it, whichever is greater."  HRS § 663-15.5(a).  A

4

determination by the court that a settlement was made in good faith bars other joint tortfeasors from any further claims against the settling tortfeasor for contribution or indemnity. See HRS § 663-15.5(d).

In determining whether parties have entered into a good faith settlement, the court must consider the "totality of the circumstances" including:

> (1) the type of case and difficulty of proof at trial . . .;
>
> (2) the realistic approximation of total damages that the plaintiff seeks;
>
> (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial;
>
> (4) the predicted expense of litigation;
>
> (5) the relative degree of fault of the settling tortfeasors;
>
> (6) the amount of consideration paid to settle the claims;
>
> (7) the insurance policy limits and solvency of the joint tortfeasors;
>
> (8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and
>
> (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

Troyer v. Adams, 102 Hawai'i 399, 427, 77 P.3d 83, 111 (2003). The non-settling alleged tortfeasor opposing the motion has the

burden of proof that the settlement agreement was not reached in good faith. HRS § 663-15.5(b).

An agreement to settle a claim is made in good faith when the totality of circumstances reflects the settlement was not collusive or aimed at injuring the interests of the non-settling parties. HRS Section 663-15.5 does not require the settling parties to explain the rationale for the amount of the settlement payment. <u>Whirlpool Corporation v. CIT Group/Business Credit, Inc.</u>, 293 F.Supp. 2d 1144, 1154 (D. Haw. 2003). The non-settling defendant opposing the motion has the burden of proof that the settlement agreement was not reached in good faith. HRS § 663-15.5(b).

Given the totality of the circumstances, and the absence of opposition, the Court finds that Plaintiff and the AOAO entered into settlement in good faith. The Court has reviewed the factors set forth in <u>Troyer v. Adams</u> and the material terms of the settlement and finds that the essential terms of the settlement agreement meet the purpose of HRS Section 663-15.5 and are reasonable and in good faith. The Court recommends that the district court grant the Petition.

<u>CONCLUSION</u>

After careful consideration of the AOAO's Petition and no opposition thereto, and the totality of the circumstances, the Court hereby FINDS that the settlement between Plaintiff and the

6

AOAO is in good faith and RECOMMENDS that a determination of good faith settlement be made and that the AOAO's Petition be GRANTED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, July 14, 2011



Richard L. Puglisi
United States Magistrate Judge

**SHAUGHNESSY V. ASS'N OF APARTMENT OWNERS OF MOANA PACIFIC, CIVIL NO. 09-00051 ACK-RLP; FINDINGS AND RECOMMENDATION THAT DEFENDANT ASSOCIATION OF APARTMENT OWNERS OF MOANA PACIFIC'S PETITION FOR APPROVAL OF GOOD FAITH SETTLEMENT BE GRANTED**